UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-20403-JEM

UNITED STATES OF AMERICA

vs.

MARCEL MOLLINEDO ROUSSEAU,

      **Defendant.**
_____/

MOTION FOR REDUCTION OF SENTENCE PURSUANT TO
SECTION 5K1.1 OF THE UNITED STATES SENTENCING GUIDELINES
AND
UNITED STATES' SENTENCING MEMORANDUM

Pursuant to Section 5K1.1 of the United States Sentencing Guidelines, the United States of America hereby moves for a forty percent (40%) reduction in the sentence of MARCEL MOLLINEDO ROUSSEAU, hereinafter the "Defendant," in order to reflect her substantial assistance in the prosecution of others. In support of this motion, the United States of America states as follows:

1. On July 28, 2022, a federal grand jury sitting in the Southern District of Florida returned an Indictment (case 22-cr-20341-JEM) charging twelve defendants with conspiracy to commit health care and wire fraud, in violation of Title 18, United States Code, Section 1349, and with health care fraud, in violation of Title 18, United States Code, Section 1347. The conspiracy involved an intended loss amount of $50,000,000. The conspiracy concerned eight clinics, and involved hundreds of beneficiaries with BlueCross BlueShield health insurance billed for services they did not receive, did not need, and were not prescribed. Law enforcement approached Defendant Marcel Mollinedo Rousseau regarding his involvement in this conspiracy and he agreed to plead guilty to an Information and cooperate against the defendants, as well as in other cases.

2. The United States filed the Information charging the Defendant on August 29, 2022, after the majority of the Defendant's cooperation had completed, although the Defendant has continued to cooperate up until the time of this filing. On November 29, 2022, the Defendant pled guilty pursuant to the Information and a negotiated plea agreement, which contemplated a loss amount between $3,500,000 and $9,500,000; an amount representative of Defendant Rousseau's direct participation in the conspiracy through his role as a recruiter for the conspiracy. (*See* Docket Entries 13, 14).

3. On January 30, 2023, United States Probation filed the PSR which includes a guidelines calculations in paragraphs 40-49 and 93, based on the loss amount of $3,780,000, which results in a total offense level of 22, and a range of 41-51 months' imprisonment.

4. The Defendant's conduct included paying beneficiaries for their health insurance information, and he also paid other recruiters for beneficiary information. He is clearly culpable, but made an incredible and early acceptance of responsibility, immediately agreeing to plead guilty to an information and cooperate, and there is no evidence that he participated in the preparation or submission of the fraudulent claims.

5. The United States moves this Court pursuant to § 5K1.1 of the United States Sentencing Guidelines for a forty percent (40%) reduction of the Defendant's sentence based on his substantial assistance. After law enforcement approached Rousseau, he obtained an attorney, agreed to plead guilty and began cooperating. His cooperation consisted of meeting with agents on several occasions and providing information about defendants in the 22-cr-20341 case. He identified the clinic locations and the defendants by DAVID pictures and explained how the scheme worked, Rousseau was a mid-level recruiter, his main interaction was with Defendant Ballester-Ramos who paid him in exchange for beneficiary information. Rousseau also provided copies of text messages to corroborate sending beneficiary information and setting up meetings. He also confirmed that

although his insurance had been billed by Ballester-Ramos' clinic in the keys he had never been, and although his insurance had been billed to the One Point clinics he had never been to those clinics. This information was crucial in indicting the eight clinics as one conspiracy, because this corroborated other evidence that the clinics were sharing and exchanging information, and it was directly used to indict defendants Ballester-Ramos and Perez-Pena, as several of the beneficiaries had no contact with anyone at the clinics and thus could not identify the defendants. Ballester-Ramos and Perez Pena immediately began cooperating after they were arrested and it was in large part because of the evidence provided by Rousseau. His information led to the indictment and guilty pleas and was substantial assistance to the United States.

6. In addition, a 40% reduction is would still result in a guidelines range of approximately 24 to 31-months imprisonment. A sentence in this range is comparable with the sentences for other recruiters in these cases, Rousseau is arguably less culpable than other recruiters in the 22-cr-20341 case, and even with this reduction he may receive a higher sentence despite the extensive nature of his cooperation.

7. Should the Court grant the United States' § 5k Motion, the United States recommends that the Court impose a sentence at the bottom of the guidelines, 24 months, based on the 18 U.S.C. § 3553(a) factors. Specifically, the Defendant's personal history and characteristics. The Defendant does not have a criminal history, and has no history of healthcare fraud. However, the Defendant acted in the role of a recruiter; a role that is crucial to the success of the conspiracy. In addition, the nature and circumstances of the offense support a guidelines sentence. Healthcare fraud is an epidemic, and the Defendant participated in this conspiracy despite knowing the illegality of the scheme—the evidence shows he actively paid patients for their health insurance information. Lastly, the United States points to the need to reflect the

seriousness of the offense and deterrence. A sentence that acts as a deterrence to the Defendant will also hold weight as a general deterrence against repeat offenders.

8. Based upon these factors, a guidelines sentence of 24 months is SUFFICIENT, but NOT GREATER, than necessary to comply with the PURPOSES set forth in § 3553(a).

WHEREFORE, the United States respectfully requests that this Court, rely on the recommendations of the parties included in the plea agreement and grant the United States' request for a reduction pursuant to § 5k.

    Respectfully submitted,

    MARKENZY LAPOINTE
    UNITED STATES ATTORNEY

By: */s/ Lindsey Lazopoulos Friedman*
    LINDSEY LAZOPOULOS FRIEDMAN
    Assistant United States Attorney
    FL Bar No. 091792
    99 Northeast 4th Street
    Miami, Florida 33132-2111
    Tel: (305) 961-168
    Cell: (786) 509-1917
    Email: Lindsey.Friedman@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 18, 2023, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.

                                                 /s/ *Lindsey Lazopoulos Friedman*
                                                 Lindsey Lazopoulos Friedman
                                                 Assistant United States Attorney